| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
| IDALIA M. DÍAZ PEDROZA<br><br>Parte Recurrida<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO<br><br>Parte Recurrente | KLRA202300075 | Revisión de Decisión Administrativa procedente la Oficina de Apelaciones de la Autoridad de Acueductos y Alcantarillados<br><br>Caso núm.: OA-21-013<br><br>Sobre: Revisión de escala y Revalorización de puesto |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez, el Juez Rodríguez Flores y el Juez Monge Gómez.[1]

Rodríguez Flores, Juez Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 8 de enero de 2024.

La parte recurrente, Autoridad de Acueductos y Alcantarillados (AAA o parte recurrente), solicita que revoquemos la *Resolución Final Parcial* emitida por la Oficina de Apelaciones de la AAA (en adelante OA) el 14 de noviembre de 2022 y notificada en igual fecha. Mediante el referido dictamen, la OA ordenó a la AAA realizar un estudio de revalorización correspondiente al perfil de clase de Asesor Legal que ocupa la parte recurrida, la Lcda. Idalia M. Díaz Pedroza (Lcda. Díaz Pedroza o parte recurrida).

Mediante *Resolución* emitida el 14 de marzo de 2023, ordenamos a la Oficina de Apelaciones de la AAA a someter copia certificada del expediente administrativo OA-21-013, el cual la agencia nos presentó el 13 de abril de 2023.

---

[1] Véase Orden Administrativa OAJP-2022-099A.

Evaluados los escritos presentados por las partes, así como la copia certificada del expediente administrativo, desestimamos el recurso por falta de jurisdicción.

I.

El 2 de diciembre de 2020, la Lcda. Idalia M. Díaz Pedroza notificó una carta[2] a la Sra. Glorimar Chiclana, Directora de Recursos Humanos y Relaciones Laborales de la AAA. En esta, la Lcda. Díaz Pedroza solicitó la revisión y/o reevaluación de la escala salarial del puesto de Asesor Legal y que se reevaluara su salario, bajo la doctrina de igual paga por igual trabajo y/o los criterios establecidos por la Ley de Igualdad Salarial. Al no recibir respuesta, el 23 de diciembre de 2020, la Lcda. Díaz Pedroza cursó una segunda carta[3] a la Sra. Chiclana en la que informó que estaría presentado su solicitud ante la Oficina de Apelaciones de la AAA, por haber transcurrido el término establecido sin recibir respuesta a su primera carta.

Así, el 9 de julio de 2021, la Lcda. Idalia M. Díaz Pedroza presentó una apelación ante la Oficina de Apelaciones de la AAA. En resumen, la Lcda. Díaz Pedroza expuso que es abogada y empleada de la División Legal de la Autoridad de Acueductos y Alcantarillados en donde ocupa un puesto de Asesora Legal[4]. Arguyó que comenzó a trabajar para la AAA el 26 de febrero de 2015, con un salario de $3,335.87 mensuales. Alegó que existen otros empleados dentro de la clase de asesor legal en el servicio de carrera que cuentan con cualificaciones y experiencia inferiores a la Lcda. Díaz Pedroza y que estos reciben mayor compensación, a pesar de realizar tareas de menor complejidad. La Lcda. Díaz Pedroza arguyó que la clase de Gerente Técnico está ubicada en una escala de retribución superior

---

[2] Véase, apéndice del recurso, págs. 179-185.
[3] *Id.* pág. 186.
[4] Puesto número 1504-0017.

(escala 8) a la de Asesor Legal (escala 7). La Lcda. Díaz Pedroza señaló que, tomando en cuenta las clases y valor relativo de los puestos dentro de la estructura organizacional, era necesario se reevaluara la clase de asesor legal a escala 8. Por ello, la Lcda. Díaz Pedroza solicitó a la OA que declarase con lugar su apelación y concediera los siguientes remedios:

1) Se iguale o se ajuste el sueldo de la querellante (sic) a tenor con los criterios expuestos en la política y/o plan afirmativo, reglamentos y normas de la AAA, relacionados a la ley de Igual paga por Igual trabajo; y/o

2) Se conceda un aumento de sueldo, diferencial y/o cualquier otro tipo de compensación adicional que proceda a tenor con el artículo 9 de las normas de retribución y/o el artículo 15.1 y 15.2 del reglamento de recursos humanos de la AAA.

3) Se ordene la revalorización del puesto de Asesor Legal a la escala 8 con las consecuencias legales que esto pueda tener.[5]

La AAA presentó su *Contestación a la Apelación* el 23 de julio de 2021[6]. Luego de varios trámites procesales, el 2 de junio de 2022, la Lcda. Díaz Pedroza presentó una *Moción de Sentencia Sumaria.* En esta, alegó que la revalorización del puesto que ejerce como asesora legal se justifica bajo la sección 9.3(2) del Reglamento de Recursos Humanos de la AAA y formuló los hechos que entiende que no están en controversia, por los cuales procede se conceda el remedio solicitado.

En respuesta, el 26 de julio de 2022, la AAA se opuso a la solicitud de la Lcda. Díaz Pedroza[7]. Aunque la AAA coincidió con la recurrida en que no existía controversia sobre los hechos propuestos, por su parte alegó que las funciones y factores compensables del puesto no han cambiado y que la revalorización de un puesto y estructura de sueldos son prerrogativas gerenciales. La AAA adujo que la norma aplicable a la revalorización de puestos la establece la sección 9.3 del Reglamento de Recursos Humanos de

---

[5] Véase, *Apelación*, apéndice del recurso págs. 176-178.
[6] Apéndice del recurso, págs. 169-175.
[7] Apéndice del recurso, págs. 71-85.

la AAA (aprobado 28 de febrero de 2008) y que no se ha dado ninguna de las circunstancias allí establecidas para proceder con la revalorización. Además, la AAA señaló que la reclamación estaba prescrita. Lo anterior, porque el plan de clasificación se aprobó en 2007, ninguno de los asesores legales impugnó la valorización de su clase y, para la fecha de nombramiento de la Lcda. Díaz Pedroza, la OA había adjudicado las impugnaciones al plan de clasificación presentada por varios empleados. Por ello, la AAA solicitó se dictara resolución sumaria parcial a su favor desestimando la reclamación de revalorización del puesto.

Por su parte, el 5 de agosto de 2022, la Lcda. Díaz Pedroza presentó un escrito de réplica, el cual acompañó de varios documentos. La OA le concedió un término a la AAA para expresar su posición en torno a la réplica.

Finalmente, el 14 de noviembre de 2022, notificada en igual fecha, la OA emitió la *Resolución Final Parcial*[8] recurrida. En esta, la OA destacó lo siguiente:

Breve introducción

[…]

Cabe señalar que la apelante además de solicitar la revalorización del puesto que desempeña como Asesor(a) Legal reclama en el recurso de apelación sometido ante este Foro igual paga por igual trabajo y un aumento salarial en una escala salarial superior.

Ahora bien, lo que nos compete atender y resolver *en esta etapa procesal* son las solicitudes de la apelante y de la Autoridad de resoluciones sumarias *respecto a la revalorización del puesto de Asesor(a) Legal.*

**Determinaciones de Hechos no Controvertidos**

Los hechos que a continuación determinamos son aquellos que se desprenden de los documentos oficiales de la Autoridad y de otros bajo juramento que fueron acompañados por la apelante con sus escritos. La Autoridad no ofreció prueba documental y descans[ó] para sus argumentos en un análisis de los documentos oficiales presentados por la apelante y la reglamentación aplicable.

---

[8] *Id.*, págs. 22-38.

Los hechos que más adelante se consignan no existen controversias reales y sustanciales sobre los mismos. Así, no es necesaria la celebración de una vista plenaria para dilucidar estos. <u>Gladys Bobé v. UBS Financial</u>, 198 DPR 6 (2019) págs. 20-21. (Subrayado en el original).

<u>Hechos</u>

1. La apelante ocupa el puesto de Asesora Legal en el servicio de carrera de la Autoridad y labora en la división legal desde el mes de febrero de 2015.

2. El 8 de noviembre de 2007, la Autoridad aprobó el Manu[a]l del Plan de Clasificación y Retribución del Personal Gerencial del Servicio de Carrera.

3. El referido Manual fue adoptado a tenor con la Ley Número 184 del 3 de agosto de 2004, la que fue sustituida por la Ley 8 de 2017 conocida como Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico. La Autoridad no ha efectuado ningún cambio o enmienda al Manu[a]l del Plan de Clasificación, ni al Reglamento de Recursos Humanos el cual fue aprobado el 28 de febrero de 2008.

4. El Manual establece que el Plan de Clasificación y Retribución se compone de dos procesos independientes que se completan entre sí: (a) la identificación, análisis y clasificación de los puestos gerenciales que responden a las necesidades de servicios y necesidades operacionales, en las áreas medulares y de apoyo de la Autoridad y (b) el diseño y desarrollo de las Estructuras de Sueldos a la cual se asignar[á]n las clases, según las normas de administración que respondan a la política de administración de sueldos de la Autoridad.

5. El desarrollo de un Plan de Clasificación consiste de un proceso a través del cual se estudian, se analizan y se ordenan, en forma sistemática, los diferentes puestos que integran la organización para su agrupación en clases. Conforme el análisis se establece el valor relativo de las clases, según sean iguales o sustancialmente similares en cuanto a la naturaleza y complejidad de los deberes de los puestos incluidos en las mismas clases y el grado de autoridad y responsabilidad delegado.

6.  Un puesto se define como el conjunto de deberes y responsabilidades que requieren el empleo de una persona durante una jornada de trabajo parcial o completa. Una clase puede consistir de un puesto o grupo de puestos cuyos deberes, naturaleza del trabajo, autoridad y responsabilidad sean de tal modo semejante que pueda razonablemente denominarse con el mismo título. Una serie de clases significa la

agrupación de clases que reflejan los distintos niveles jerárquicos de trabajo existentes en la organización.

7. Durante este proceso se identifican los problemas para atraer y retener talento, situaciones de inequidad interna o externa, tendencias de compensación en el mercado competitivo, disponibilidad de talento y otras oportunidades que permitan analizar y realinear el programa de administración de sueldos y otra compensación directa e indirecta, con las estrategias, en este caso las de la Autoridad.

8. El sistema de valorización de Perfiles de Clases consiste de los siguientes valores compensables: (1) Responsabilidad Gerencial (30%); (2) Complejidad Técnica (20%); (3) Preparación Académica (20%); (4) Experiencia (15%); (5) Licencias/Certificaciones (10%).

9. Entre las responsabilidades del Directorado de Recursos Humanos y Relaciones Laborales de la Autoridad bajo el Manual del Plan de Clasificación y Retribución del Personal Gerencial del 8 de noviembre de 2007, se encuentran: asegurar que las normas de administración del Plan de Clasificación se apliquen uniformemente y consistentemente.

10. El puesto de Asesor(a) Legal está ubicado en la escala 7 de la Estructura de Sueldos de la Autoridad. Según la Escala; esta consiste en un sueldo mínimo a un máximo, con distintas gradaciones.

11. Se toma conocimiento administrativo cuasi judicial que el 17 de junio de 2022 la Junta de Gobierno de la Autoridad aprobó la Resolución Número 3302, a los fines de enmendar la Resolución 2342 de 30 de octubre de 2007, para revisar y establecer nuevos tipos mínimos y máximos a las escalas salariales de los empleados gerenciales de carrera y administrativos de la Autoridad. Esta enmienda fue efectiva el 1ro de julio de 2022. Dicha enmienda solo afectó a las ocho (8) escalas de retribución aquí concernidas.

12. También, se ubican en la escala número 7 los puestos de Asesor(a) Técnico(a), Gerente de Cumplimiento, Gerente de Laboratorio, Gerente de Mantenimiento Preventivo, Gerente de Redes de Acueductos y Alcantarillados, Gerente de Servicio al Cliente, y el Gerente de Tecnología de Sistemas de Información.

[…]

En virtud de las anteriores determinaciones, la OA concluyó que la lectura del perfil de la clase de asesor legal era suficiente para

concluir que procedía que la Autoridad realizara la revalorización del perfil y la escala salarial. Como parte de sus determinaciones, la OA reiteró que lo que estaba bajo consideración era la revalorización del puesto, no si se debía ordenar o no ubicar la clase de asesor legal a la estala salarial 8. Sobre el particular, la OA enfatizó que no adelantaba criterio en cuanto a la solicitud de reubicar el puesto de asesor legal en la escala 8, y que no estaba en posición de así hacerlo[9]. Al final de la resolución, la OA consignó lo siguiente:

> A tenor de todo lo anterior y en vista que no existe razón alguna para posponer esta decisión, por tratarse de una causa de acción separada e independiente a las otras que plantea la apelante en este recurso, se emite la presente Resolución Final Parcial.

También, la OA consignó en su resolución el apercibimiento a las partes sobre los términos para solicitar reconsideración del dictamen, así como de revisión judicial.

Inconforme, el 5 de diciembre de 2022 la AAA presentó una *Moción de Reconsideración de Resolución Parcial Final[10].* La AAA alegó que la OA no expresó bajo cuál criterio de la Sección 9.3 del Reglamento de Recursos Humanos procedía la revalorización ordenada. Añadió que tampoco establecen los cambios en los requisitos mínimos y funciones del puesto que justifiquen dicha revalorización, de conformidad con las normas reglamentarias. Argumentó que lo resuelto por la OA acarrea que sean los empleados y la OA quienes decidan cuándo y cómo se lleven a cabo las revalorizaciones de puestos en la Autoridad. La AAA señaló que ello abre la puerta para que se entienda que un puesto debe ser revalorizado sin que estén presentes los criterios reglamentarios aplicables. Adujo que la Lcda. Díaz Pedroza no cumplió con la carga probatoria de demostrar que el puesto ha sufrido cambios en los

---

[9] *Íd.*, a la pág. 36.
[10] *Íd.*, págs. 13-21.

requisitos mínimos o funciones, por lo que procedía que la OA reconsiderara el dictamen emitido.

El 5 de diciembre de 2022, notificada el 6 de diciembre de 2022, la OA acogió la moción de reconsideración y concedió término a la Lcda. Díaz Pedroza, quien compareció mediante *Oposición a Moción de Reconsideración,* presentada el 28 de diciembre de 2022[11]. En su escrito, la Lcda. Díaz Pedroza argumentó que el perfil de la clase de asesor legal fue modificado en 2012 para incluir competencias técnicas adicionales y licencias relacionadas con la práctica en la esfera federal, lo cual no existía cuando se aprobó el plan de clasificación de 2008. Por tal razón, la Lcda. Díaz Pedroza arguyó que dicho cambio era suficiente para que se ordenara el estudio de revalorización, a tenor con la Sección 9.3 (2), (3) y (4). La Autoridad presentó escrito de réplica[12].

Finalmente, el 12 de enero de 2023, notificada el 13 de enero de 2023, la OA declaró No Ha Lugar la solicitud de reconsideración de la Autoridad[13].

Inconforme, la Autoridad acude ante nos vía solicitud de revisión administrativa y formuló el siguiente señalamiento de error:

> ERRÓ LA OA AL DETERMINAR QUE PROCEDE LA REVALORIZACIÓN DE LA CLASE DE PUESTO DE ASESOR LEGAL, A PESAR DE QUE LA RECLAMACIÓN ESTÁ PRESCRITA Y NO SE CUMPLE CON LOS CRITERIOS REGLAMENTARIOS PARA QUE PROCEDA TAL REVISIÓN Y DE NO ESTABLECERSE CAMBIO ALGUNO EN LOS CRITERIOS DE VALORIZACIÓN DE PUESTO.

El 14 de marzo de 2023, la Lcda. Idalia M. Díaz Pedroza compareció ante este foro intermedio mediante *Moción de Desestimación al Amparo de la Regla 83 del Reglamento del Tribunal de Apelaciones.* En síntesis, la Lcda. Díaz Pedroza argumenta que la

---

[11] Véase, *Oposición a Moción de Reconsideración",* apéndice del recurso, págs. 6-11.
[12] Véase, *Réplica a "Oposición a Moción de Reconsideración",* apéndice del recurso, págs. 3-5.
[13] Véase, *Resolución,* apéndice del recurso, págs. 1-2.

resolución recurrida es interlocutoria, por lo que no es revisable directamente ante este foro. Lo anterior, porque la resolución no pone fin a las controversias del caso y no constituye una adjudicación de los remedios solicitados por la recurrida ante la OA.

El 23 de marzo de 2023, la AAA presentó *Oposición a Moción de Desestimación presentada por la recurrida y en solicitud de que se de por sometido el recurso sin oposición,* y arguye que la resolución de la OA pone fin a la controversia de revalorización del puesto de Asesor(a) Legal y que la OA incluso apercibió a las partes sobre los términos para acudir en revisión ante este foro apelativo. La AAA entiende que, aunque la resolución está denominada como parcial, le da finalidad a una reclamación independiente presentada por la Lcda. Díaz Pedroza.

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

II.

A.

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 30 de junio de 2017, según enmendada[14], establece un procedimiento uniforme para la revisión judicial de órdenes y resoluciones dictadas por las agencias administrativas de Puerto Rico. Por virtud de dicha ley, una parte que haya sido afectada adversamente por una orden o resolución final de una agencia y que haya agotado todos los remedios administrativos disponibles, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia. Sobre el

---

[14] 3 L.P.R.A. § 9601 et seq.

particular, la Sección 4.2 de la Ley 38-2017, supra, establece lo siguiente:

> Una parte adversamente afectada por una **orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia** o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Disponiéndose, que si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[15] (Énfasis nuestro)

Por otra parte, la sección 1.3 de la Ley 38-2017, supra, dispone que una orden o resolución "[s]ignifica cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas específicas, o que imponga penalidades o sanciones administrativas excluyendo órdenes ejecutivas emitidas por el Gobernador."[16] De igual forma, dicho estatuto especifica que una orden o resolución parcial es aquella "acción agencial que adjudique algún derecho u obligación que no ponga fin a la controversia total sino a un aspecto específico de la misma."[17] También define una orden interlocutoria como aquella "acción de la agencia en un procedimiento adjudicativo que disponga de algún asunto meramente procesal."[18]

La Asamblea Legislativa limitó la revisión judicial exclusivamente a las órdenes finales de las agencias. Al así hacerlo,

---

[15] 3 LPRA § 9672.
[16] 3 LPRA § 9603(g).
[17] 3 LPRA § 9603(h).
[18] 3 LPRA§ 9603(i).

se aseguró que la intervención judicial se realizara después de que concluyeran los trámites administrativos y se adjudicaran todas las controversias pendientes ante la agencia. La intención legislativa consistió en evitar una intromisión indebida y a destiempo en el trámite administrativo por parte de los tribunales.[19] Al respecto, el Artículo 4.2 de la Ley 38-2017, supra, expresa lo siguiente:

> [...]

> Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.

> [...]

3 LPRA § 9672.

El Tribunal Supremo de Puerto Rico ha expresado que una orden o resolución final es aquella que culmina el procedimiento administrativo, tiene efectos sustanciales sobre las partes y resuelve todas las controversias ante la agencia, les pone fin, sin dejar pendiente una para ser decidida en el futuro.[20] El Alto Foro ha determinado, además, que una orden o resolución final tiene las características de una sentencia en un procedimiento judicial porque resuelve finalmente la cuestión litigiosa y de la misma puede apelarse o solicitarse revisión.[21] Es decir, una orden o resolución final de una agencia administrativa es aquella que dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes. Se trata de la resolución que culmina en forma final el procedimiento administrativo respecto a todas las controversias.[22] Ello a su vez hace ejecutable entre las partes la decisión administrativa y por ende susceptible de revisión judicial.

---

[19] *Comisionado de Seguros v. Universal*, 167 DPR 21 (2006).
[20] *Íd.* página 29, citando a *ARPE v. Coordinadora*, 165 DPR 850 (2005); *Tosado v. AEE*, 165 DPR 377 (2005); *J. Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483 (1997).
[21] *J. Exam. Tec. Méd. v. Elías et al.*, supra.
[22] *Íd.*

El Tribunal Supremo de Estados Unidos, en *Bennett v. Spear*, expresó dos condiciones que tienen que ser satisfechas para que una decisión administrativa pueda ser considerada final. Primero, la actuación de la agencia debe representar la culminación de su proceso decisorio; y segundo, la actuación administrativa debe ser una en la cual se determinen todos los derechos y obligaciones de las partes o surjan consecuencias legales. [23]

No obstante, aunque es necesario que la orden o resolución sea final para que sea susceptible de revisión por parte del Tribunal de Apelaciones, en el caso *Junta Examinadora de Tecnólogos Médicos v. Elías*, supra, el Tribunal Supremo expresó que una situación clara de falta de jurisdicción de la agencia es una excepción a la norma de que sólo serán revisables ante el Tribunal de Apelaciones las resoluciones finales de una agencia administrativa. Comenta el tratadista Demetrio Fernández sobre la referida normativa jurisprudencial, lo siguiente:

> Es innecesario e injusto requerirle a una parte que litigue si el organismo administrativo carece de jurisdicción con el solo fin de que se cumpla con el requisito de finalidad.[24]

Lo anterior fue reiterado por nuestro Tribunal Supremo en el caso de *Procuradora del Paciente v. MCS,* 163 DPR 21 (2004), donde se reafirmó la doctrina de que un caso claro de falta de jurisdicción de una agencia administrativa constituye una excepción a la norma de la finalidad. No obstante, es preciso aclarar que "no toda alegación de ausencia de jurisdicción va a tener el efecto de liberar a la parte de culminar sus gestiones en la agencia"[25] ni implicará una aplicación automática de la excepción. Sólo en aquellos casos en los que carece realmente de jurisdicción la agencia

---

[23] *Comisionado de Seguros v. Universal*, 167 DPR 21 (2006).
[24] *Íd.* citando a *D. Fernández, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme,* 2da ed., Colombia, Ed. Forum, 2001, págs. 474-475; *J. Exam. Tec. Méd. v. Elías et al.*, supra, pág. 492.
[25] *Colón Ventura v. Méndez,* 130 DPR 433, 444 (1992).

administrativa, el proceso administrativo se convierte en final por no quedar asuntos o controversias pendientes de dilucidar por la agencia y sólo entonces sería revisable por el Tribunal de Apelaciones.

B.

Como bien es sabido, ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración.[26] "Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo".[27] Al realizar esta determinación, debe desestimarse la reclamación "sin entrar en los méritos de la cuestión ante sí".[28] Por tal razón, la ausencia de jurisdicción es insubsanable.[29]

Además, cabe destacar que "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias".[30] Particularmente, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede

---

[26] *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012).

[27] *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

[28] *González Santos v. Bourns P.R., Inc.,* 125 DPR 48, 63 (1989).

[29] *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 683 (2011); *Vázquez v. ARPE,* 128 DPR 513, 537 (1991).

[30] *SLG Solá-Moreno v. Bengoa Becerra, supra,* pág. 682.

presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*".[31]

Por consiguiente, un tribunal que carece de jurisdicción solamente tiene jurisdicción para así declararlo y desestimar el caso.[32] A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no.[33]

Por su parte, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, le confiere autoridad al Tribunal para desestimar un recurso por cualquiera de las siguientes circunstancias:

*Regla 83 Desistimiento y desestimación*

[…]

(B)    Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

**(1)    que el Tribunal de Apelaciones carece de jurisdicción;**

(2)    que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

(3)    que no se ha presentado o proseguido con diligencia o de buena fe;

(4)    que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5)    que el recurso se ha convertido en académico.

(C)    El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

(Énfasis nuestro)

---

[31] *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009), *citando* a *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).
[32] *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).
[33] *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86, 97 (2011); *SLG Szendrey-Ramos v. F. Castillo, supra*, pág. 882.

III.

De entrada, discutiremos la alegación de la Lcda. Díaz Pedroza, respecto a si el dictamen recurrido es revisable por este foro apelativo. Veamos. La resolución emitida por la OA constituye la determinación de la agencia sobre la solicitud de sentencia sumaria que presentó la Lcda. Díaz Pedroza. En dicha solicitud, la recurrida específicamente solicitó se ordene la revalorización del puesto de asesor legal *y se asigne a escala 8*. De una lectura de la resolución recurrida, surge que esta pone fin a la controversia entre las partes en cuanto al reclamo sobre revalorización del puesto de asesor legal. La resolución apercibe a las partes sobre los términos para solicitar reconsideración en la agencia, así como de su derecho a acudir en revisión ante este foro.

Sin embargo, la resolución recurrida no pone fin a todas las controversias presentadas ante la OA. A saber, aún está pendiente ante la OA si procede que el puesto de Asesor(a) Legal se asigne a la escala salarial 8, así como también queda pendiente la solicitud de la Lcda. Díaz Pedroza de que se le iguale o ajuste su sueldo a tenor con los reglamentos y normas de la AAA relacionados a la Ley de Igual Paga por Igual Trabajo. Aun cuando la resolución recurrida incorporó el lenguaje utilizado en los dictámenes parciales judiciales que establecen las Reglas de Procedimiento Civil, e incluyó los apercibimientos sobre los términos para solicitar reconsideración y acudir en revisión judicial, esta no puede considerarse como una resolución final conforme definida y establecida en la Ley 38-2017.

El Tribunal Supremo ha enfatizado que la Ley de Procedimiento Administrativo Uniforme desplaza y predomina cualquier reglamentación de una agencia que sea contrario a ella, lo cual incluye los asuntos de revisión judicial.[34] Por lo anterior, aun

---

[34] Veáse, *ACT v. PROSOL et als.,* 2010 DPR 897 (2022), citando a *Cordero Vargas v. Pérez Pérez,* 198 DPR 858 (2017).

cuando la AAA arguye que el dictamen recurrido puso fin a la controversia expuesta por las partes en sus solicitudes sumarias, y que incluye el lenguaje sobre revisión judicial, ello no significa que la *Resolución Final Parcial* emitida por la OA es un dictamen revisable directamente por este foro intermedio cuando el trámite administrativo no ha culminado ante la OA.

Salta a la vista que, en la parte introductoria la resolución recurrida expresó los remedios solicitados por la Lcda. Díaz Pedroza. Seguidamente, se consigna que lo que la resolución atiende y resuelve "en esta etapa procesal" son las solicitudes de la apelante y de la Autoridad de resoluciones sumarias respecto a la revalorización del puesto de Asesor(a) Legal. Por último, la OA expresó en su dictamen que no adelantaba criterio en cuanto a la solicitud de reubicar el puesto de asesor legal en la escala 8. En virtud de lo anterior, estamos ante una resolución parcial que no es revisable directamente por este foro. Tampoco estamos ante la excepción del requisito de finalidad por falta de jurisdicción de la agencia. Por tal razón, procede la desestimación del presente recurso, por falta de jurisdicción.

Destacamos que la disposición interlocutoria de la OA en la resolución recurrida puede ser objeto de un señalamiento de error en el recurso de revisión del dictamen final de la OA una vez concluya el trámite administrativo en su totalidad.

Dicho de otro modo, una vez se adjudiquen de forma final *todas* las controversias presentadas ante la consideración de la OA la parte adversamente afectada por la determinación final de la agencia podrá entonces acudir ante este foro vía recurso de revisión.

IV.

Por los fundamentos antes expuestos, se desestima el presente recurso por falta de jurisdicción.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones